## HYSTER CREDIT CORP.

### v.

## Dennis S. O'NEILL, and John S. Rittenhouse.

Civ. A. No. 83–2808.

United States District Court, E.D. Pennsylvania.

Dec. 21, 1983.

Sam L. Warshawer, Jr., Philadelphia, Pa., for plaintiff.

Stephen R. Bolden, Philadelphia, Pa., for Dennis S. O'Neill.

William J. McDevitt, Philadelphia, Pa., for John S. Rittenhouse.

## MEMORANDUM AND ORDER

KELLY, District Judge.

Plaintiff, Hyster Credit Corporation ("HCC") brings the present Motion to Strike Defendants' Insufficient Defenses, pursuant to Fed.R.Civ.P. 12(f). The Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(1).

The complaint alleges that the defendants, Dennis S. O'Neill ("O'Neill")[1] and John S. Rittenhouse ("Rittenhouse"), have breached a contract of guaranty. Plaintiff seeks judgment against defendants, jointly and severally, in the amount of $1,500,-000.00 together with interests and costs.

## FACTS

The relevant facts are not in dispute. Tri-State Rental, Inc. ("Tri-State") and Free State Industries, Inc. ("Free State") are construction equipment dealers. Among other things, Tri-State and Free State purchased personnel lift equipment from Fabtek, Inc. ("Fabtek"), a division of Hyster Company. Plaintiff Hyster Credit Corporation, another division of Hyster Company, finances the sale of Fabtek personnel lift equipment and provided such financing to Tri-State and Free State. Defendant John S. Rittenhouse who is an officer and partial owner of Tri-State and Free State, executed unconditional and continuing guaranties to Fabtek of the dealers' debts and obligations. HCC, by assignment from Fabtek, is the present holder of the guaranties. The Complaint alleges that both Tri-State and Free State have defaulted in payments due for Fabtek personnel lifts. By reason of these defaults, HCC has declared the dealers' indebtedness due in full, and seeks to collect same from Rittenhouse as personal guarantor.

In his Answer to the Complaint, Defendant Rittenhouse has alleged three defenses based on the rights and/or remedies of Tri-State and Free State. In sum, defendant seeks to avoid liability as guarantor because: (1) Tri-State and Free State have allegedly been harmed by Fabtek's breach of the dealership agreements; (2) Tri-State and Free State were allegedly induced to become dealers by misrepresentations which Fabtek made concerning sales assistance it would provide; and (3) Free State was allegedly induced to become a dealer by misrepresentations which Fabtek made relating to its territory.

Plaintiff seeks to strike these three defenses from defendant's answer arguing that under the terms of the contract, defendant unequivocally waived his right to raise the dealers' defenses.

## DISCUSSION

The issue before this Court is whether various defenses raised by the guarantor, in an action on the guaranty, should be stricken as legally insufficient on the basis of a clause in the guaranty purporting to waive the guarantor's right to raise such defenses.

---

**1.** After plaintiff's Motion to Strike was filed, defendant Dennis S. O'Neill filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. Under 11 U.S.C. § 362, this action and plaintiff's Motion to Strike are now stayed as to defendant O'Neill. The action and the present motion continue as to defendant Rittenhouse. Therefore, further reference to the defendant concerns only John S. Rittenhouse.

■ The clause of the guaranty upon which plaintiff's Motion to Strike primarily rests [2] provides as follows:

> The Guarantor waives any defense arising by reason of any disability or other defense of Dealer or by reason of the cessation from any cause whatsoever of the liability of Dealer.

■ Preliminarily, we note that neither party disputes that a debtor's defenses against a creditor may be waived by the guarantor. The law recognizes that a contract of guaranty is a separate undertaking and "if the terms and conditions of the contract so state, a guarantor may assume greater liability than that of the principal [debtor]." *Paul Revere Protective Life Ins. Co. v. Weis*, 535 F.Supp. 379, 386 (E.D. Pa.1981) (citations omitted). *See also Ford Motor Credit Co. v. Lototsky*, 549 F.Supp. 996 (E.D.Pa.1982).

However, as the Court noted in *Paul Revere*,

> In ascertaining the meaning of the language of a guaranty contract, the same rules of construction apply as in the case of other contracts. The court must determine and give effect to the intention of the parties as ascertained by a fair and reasonable interpretation of the terms used and the language employed in the contract of guaranty as read in the light of the attendant circumstances and the purposes for which the guaranty was made.

*Paul Revere*, 535 F.Supp. at 386 (citations omitted).

■ Construing a contract requires that the Court first determine as a matter of law whether the contract terms at issue are clear or ambiguous. *Mellon Bank, N.A. v. Aetna Business Credit*, 619 F.2d 1001, 1011 (3d Cir.1980). In *Mellon*, the Court stated that the "correct approach" was to first "hear the proffer of the parties and determine if there is objective indicia that ... the terms of the contract are susceptible of differing meanings." *Id.* After considering "the words of the contract, the alternative meaning suggested by counsel, and the nature of the evidence to be offered in support of that meaning," the trial judge must then determine if a full evidentiary hearing is warranted. *Id.*

■ The matter presently before the Court has been briefed and argued by the parties. It is the Court's conclusion that the clause purporting to waive defenses is susceptible of a "reasonable alternative interpretation. *Id.* Counsel for defendant points out: "[i]t is inconceivable that anyone would knowingly and intentionally agree to guarantee an extension of credit to a principal debtor, and at the same time give *carte blanche* authority to the creditor to defraud the principal debtor." Defendant's Memorandum of law in Opposition to Plaintiff's Motion to Strike Defendant's Insufficient Defenses at 4.

■ In addition, it must be noted that under Pennsylvania law, any ambiguity resulting from deliberate choice of language will be interpreted most strongly against the party who wrote it. *In re F.H. McGraw & Co.*, 473 F.2d 465 (3d Cir.), *cert. denied F.H. McGraw v. Fellows Corp.*, 414 U.S. 1022, 94 S.Ct. 443, 38 L.Ed.2d 312 (1973). If, as plaintiff contends, the clause is an absolute waiver of any and all dealer defenses, plaintiff might have expressed this intention in language substantially less tortured than that chosen. The wording of the clause may or may not belie the true intent of the parties or it may only signify a case of poor drafting. It remains, how-

**2.** The following additional clauses are offered as alternative bases for plaintiff's Motion to Strike:

1) "The Guarantor unconditionally guarantees ... that the Dealer will fully and promptly perform...."
2) "This obligation is independent of obligations of the Dealer...."
3) "The Guarantor, without affecting his liability in any respect, consents to and waives notice of ... (e) anything whatsoever ... which may be done or waived by or between Fabtek, or any other person to whom this guaranty is assigned, and Dealer."

According to plaintiff, these clauses likewise constitute a waiver of defenses. The Court is persuaded that this argument is essentially makeweight. Whatever else these clauses may cover, it is clear that the clauses cannot be construed to constitute a waiver of the dealers' defenses.

ever, for a fuller exposition of the issue to resolve the ambiguity of the terms.

An appropriate Order follows.